UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA :

- v. - : 12 Cr. 938 (SHS)

XIA PING WEN, :

Defendant. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SENTENCING MEMORANDUM OF THE UNITED STATES OF AMERICA**

PREET BHARARA
United States Attorney for the
Southern District of New York,
Attorney for the United States
of America

Brian R. Blais
Assistant United States Attorney

- Of Counsel -

Dear Judge Stein:

The Government respectfully submits this letter in advance of the sentencing in the above-captioned matter, which is scheduled for January 16, 2014, at 3:00 p.m. The defendant pleaded guilty to a one count Indictment that charged her with conspiring to commit immigration fraud, in violation of Title 18, United States Code, Sections 371 and 1546. The defendant pleaded guilty pursuant to a plea agreement with a stipulated Guidelines range of 15 to 21 months, which is premised on her participation in the ultimate submission of false information to immigration authorities by between 25 and 99 asylum applicants. The United States Probation Office also calculates the applicable Guidelines range as 15 to 21 months. For the reasons discussed below, the Government respectfully requests that the Court impose a sentence within the applicable Guidelines range of 15 to 21 months, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

The defendant participated in a scheme to trick immigration officials into granting asylum to ineligible applicants. By law, all applicants for political asylum are first interviewed by Asylum Officers who then render a decision on the application. (United States Probation Office's Presentence Investigation Report ("PSR") ¶ 9.) Asylum applicants whose applications are denied and who are in the United States illegally are referred to an immigration judge, who can rule anew on an applicant's request for asylum. The defendant here, who worked as a freelance translator for several law firms, furthered the scheme to defraud the United States immigration authorities by speaking with applicants about the false persecution stories these applicants intended to present to immigration authorities. (Wen Plea Tr. ("Tr.") at 19). Knowing full well that the applicants were not eligible for asylum because there applications were premised on false stories of persecution, Wen prepared questions that these applicants were likely to be asked during their asylum interviews and then coached them how to answer these questions in a manner that would make their false stories more believable to the immigration authorities. (Tr. 19, 21 ("I listed all the possible questions, and based on their materials and then tell them what the answer would be.")). In addition, in exchange for $500, Wen sold a fraudulent "one year" affidavit to a cooperating Government witness.[1] (Tr. 13).

The harms caused by asylum fraud are real. USCIS has advised the Government that the number of asylum applications filed by Chinese nationals with the New York asylum office increased from 1,189 in 2006 to 7,008 in 2012. In 2012, cases from Chinese nationals comprised 63% of the total number of cases filed in the office. The number of asylum officers during that time period has increased from 19 to 56. Despite that increase, the New York asylum office has a more than 5,000 case backlog and has had to move to a larger facility in order to accommodate the staffing increase. Fraudulent asylum cases have increased the costs of processing asylum

[1] Immigrants in the United States are generally only eligible to apply for political asylum during their first year in the United States. In this case, the cooperating witness advised Wen that he had a client who had been in the United States for longer than one year. Wen advised the cooperating witness to generate the content of the affidavit, which falsely stated that the affiant had seen the applicant in China within the last year. Wen then arranged for an affiant to subscribe to the fraudulent affidavit.

applications and generated a backlog that makes it more time-consuming for cases to wend their way through the system. Fraudulent asylum applications undermine the integrity of the asylum process and make it more difficult to properly adjudge the claims of legitimate asylum seekers.

The defendant requests a non-incarceratory sentence in part because four defendants in a related case pending before a different judge received non-incarceratory sentences. *See United States* v. *John Wang et al.*, 12 Cr. 941 (RPP). However, incarceratory sentences in immigration fraud cases such as this are not uncommon. Indeed, Freddy Jacobs, a lawyer-defendant who pleaded guilty in a related case received a sentence of 24 months from the same judge who imposed the non-incarceratory sentences on the four defendants cited in the defendant's submission here. *See United States* v. *Freddy Jacobs*, 12 Cr. 933 (RPP). In *United States* v. *Preldakaj and Collazzo,* S3 08 Cr. 1054 (SHS), Your Honor sentenced both defendants to incarceratory sentences. In that case, defendant Preldakaj ran a law office that functioned as an immigration fraud mill and was sentenced to 78 months' imprisonment. Collazzo made the law office available for Preldakaj and was sentenced to 18 months' imprisonment. Similarly, in *United States* v. *Hang Tunk Lam*, 11 Cr. 950 (VM), Judge Marrero sentenced a lawyer-defendant to 21 months' imprisonment for filing fraudulent asylum applications. In *United States* v. *Earl Davis* (NRB), two lawyers were among several defendants sentenced in connection with operating an immigration fraud mill. Davis the lead attorney at the firm was sentenced to 60 months in prison. Joe Matthew David Philbin, a staff attorney, was sentenced to 24 months' imprisonment by Judge Buchwald. In *United States* v. *Daveng Wee*, 10 Cr. 239 (TPG), the defendant held himself out to be an immigration attorney, which he was not, and submitted numerous false immigration documents. Wee was sentenced to 48 months' imprisonment. In *United States* v. *Vladimir Bararushkin*, 07 Cr. 692 (RJS), the defendant, a non-lawyer, was sentenced to 21 months' imprisonment for running a law office that functioned as an immigration fraud mill. In each of these cases, the defendants received terms of imprisonment. While many of these defendants were lawyers, the defendant here, like these other defendants, abused the immigration process, and an incarceratory sentence in this case would not create a disparity relative to the broader array of immigration fraud cases.

The asylum process is one of America's finest traditions. It provides refuge for those in dire need. It continues this nation's tradition, dating back centuries, of taking in those persecuted in their native countries and providing them with the freedom to practice their faith and raise their families free from persecution. The defendant desecrated this process by aiding applicants in peddling false asylum stories. The defendant's participation in and enabling of asylum fraud makes it harder, more time consuming and more expensive for those who legitimately seek asylum. Such conduct must be punished, not only to deter this particular defendant, but to deter other lawyers, paralegals, and translators who would seek to pervert this nation's asylum system for their own financial gains. Accordingly, the Government respectfully requests that the Court impose a sentence on the defendant within the Guidelines range of 15 to 21 months'imprisonment,

as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _/s/ Brian R. Blais____________
Brian R. Blais
Assistant United States Attorney
Tel.: (212) 637-2521

Dated: January 10, 2014